UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERRY SAULSBERRY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 23-cv-03483 (APM) |
| PAMELA JO BONDI,[1] | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiff Terry Saulsberry is an African American male employed by the U.S. Bureau of Prisons. Compl., ECF No. 1, ¶ 8. In this action, he brings ten claims, most of which allege violations of Title VII for discrimination based on various protected classifications. *See id.* at 17–31. Defendant, the Attorney General of the United States in her official capacity, moves to dismiss all ten claims. Def.'s Mot. to Dismiss, ECF No. 12. The court grants the motion in part and denies it in part.[2]

The court addresses the parties' arguments in the order in which they appear in Defendant's motion to dismiss.

*Count VII – Breach of Contract.* The court will exercise supplemental jurisdiction over Plaintiff's contract claim, 28 U.S.C. § 1367(a), but nevertheless dismisses it for failure to exhaust remedies. That cause of action rests on the alleged breach of a settlement agreement resolving

---

[1] The court substitutes as a defendant the current Attorney General of the United States, Pamela Jo Bondi, for the outgoing Attorney General, Merrick Garland. *See* Fed. R. Civ. P. 25(d).

[2] In assessing Defendant's motion, the court has not considered facts that Plaintiff has offered via a declaration in support of his opposition, Pl.'s Resp. in Opp'n to Pl.'s Mot., ECF No. 15, Aff. of Terry Saulsberry, ECF No. 15-1. *See* Fed. R. Civ. P. 12(d) (authorizing the court to "exclude" matters "outside the pleading" on a Rule 12(b)(6) motion).

previously asserted Title VII claims. Compl. ¶¶ 36, 107–109. If Plaintiff had brought a standalone contract claim, exclusive jurisdiction for it would lie in the Court of Federal Claims under the Tucker Act. *Greenhill v. Spellings*, 482 F.3d 569, 575 (D.C. Cir. 2007). Here, however, Plaintiff also has alleged Title VII claims, over which the court does have original jurisdiction and, as explained below, Plaintiff has sufficiently pleaded those claims. The court therefore can exercise supplemental jurisdiction over the contract claim because it is "factually interdependent" with his Title VII claims. *Rochon v. Gonzales*, 438 F.3d 1211, 1215 (D.C. Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994)) (holding that the district court, on remand, could determine whether it had "ancillary jurisdiction over [the plaintiff's] contract claim" where he also had asserted overlapping Title VII claims).

Plaintiff, however, has failed to exhaust remedies. Defendant made a failure-to-exhaust argument in moving to dismiss, Def.'s Mem. of P&A in Support of Def.'s Mot., ECF No. 12-1 [hereinafter Def.'s Mem.], at 7–9, but Plaintiff did not respond to it as to his contract claim, *see* Pl.'s Resp. in Opp'n to Pl.'s Mot., ECF No. 15, at 33–39 (responding only to Defendant's jurisdictional argument). Accordingly, the court treats the argument as conceded and dismisses the contract claim. *See Texas v. United States*, 798 F.3d 1108, 1115 (D.C. Cir. 2015) (recognizing that the district court may treat as conceded an argument to which the opposing party fails to respond).[3] Therefore, Count VII is dismissed.

*Count IX – Prohibited Personnel Practices (Civil Service Reform Act (CSRA))*. Defendant contends that Plaintiff's claim for a prohibited personnel practice must be dismissed for lack of

---

[3] The court declines to reach the merits because Defendant "bears the burden of pleading and proving" the failure to exhaust remedies when it is non-jurisdictional. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). Defendant certainly has raised the issue, but it has provided no *evidence* of Plaintiff's failure to file the requisite letter of non-compliance. *See* 29 C.F.R. § 1614.504(a). Typically, in such instances, the agency will supply an affidavit indicating the failure to invoke administrative remedies, but Defendant did not do so here.

2

subject matter jurisdiction because he failed to bring a complaint before the Office of Special Counsel, as required by the CSRA. Def.'s Mem. at 9–13. The trouble with this argument is that an employee, as here, who brings a "mixed case"—that is, one also involving allegations of discrimination under Title VII—may exhaust through the Equal Employment Opportunity (EEO) process. *See Butler v. West*, 164 F.3d 634, 637–38 (D.C. Cir. 1999). As discussed below, because Plaintiff pleads plausible Title VII claims, his exhaustion through the agency's EEO office sufficed. Therefore, jurisdiction as to Count IX is plausibly alleged.

*Count X – Whistleblower Protection Act (WPA).* The court reaches a different conclusion as to Plaintiff's WPA claim. Administrative exhaustion is a jurisdictional prerequisite under the WPA. *See Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) ("Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance."). It is therefore Plaintiff's burden to plead exhaustion. *See Bain v. Off. of Att'y Gen.*, 648 F. Supp. 3d 19, 38 n.4 (D.D.C. 2022).

"[A]n employee who believes that she is the victim of an unlawful reprisal [under the WPA] must first bring his claim to the [Special Counsel], which investigates the complaint." *Stella*, 284 F.3d at 142 (citing 5 U.S.C. § 1214). Here, Plaintiff does not plead that he did so. *See* Compl. ¶ 5.[4] Instead, he argues that because he brings a "mixed case" his exhaustion through the EEO office was sufficient. Pl.'s Opp'n at 31. Plaintiff is correct that he did not need to grieve first to the Special Counsel if his case qualifies as a "mixed case." *See, e.g., Webster v. U.S. Dep't of Energy*, 267 F. Supp. 3d 246, 269 (D.D.C. 2017); *Greenhouse v. Geren*, 574 F. Supp. 2d 57, 66 (D.D.C. 2008) (recognizing that in a "mixed case" an employee can file a whistleblower retaliation claim

---

[4] Plaintiff alleges that he reported his superior, Heidi Kugler, to the Special Counsel for alleged misconduct, Compl. ¶ 34, but he does not purport to have filed a claim of reprisal with the Special Counsel after she allegedly retaliated against him by removing him from the position of Cost Center Manager, *id.* ¶ 35.

3

with the agency's EEO office). The problem for Plaintiff, however, is that he has failed to plead that his EEO complaint included a reprisal claim under the WPA. *See* Def.'s Reply in Further Support of Def.'s Mot., ECF No. 17 [hereinafter Def.'s Reply], Ex. B, ECF No. 17-1 (Plaintiff's EEO complaint, dated May 18, 2022, identified "reprisal Prior EEO" as a basis of discrimination but does not list reprisal under the WPA). Having failed to plausibly establish jurisdiction as to his WPA claim, the court must dismiss it.

*Counts I–VI – Title VII – Untimely Filing*. Defendant contends that all of Plaintiff's Title VII claims must be dismissed because they are untimely. Def.'s Mem. at 14–16. According to Defendant, Plaintiff failed to file within 90 days following the issuance of a Final Agency Decision (FAD). *Id.* at 16. Unfortunately for Defendant, Plaintiff's pleading makes it difficult to determine whether he timely filed. According to Plaintiff, the FAD that issued on October 24, 2022, "declined to investigate issues that Plaintiff raised in his original Complaint, prior to the breach of the settlement agreement" and invited him to request a FAD, which he did to no avail on May 16, 2023, and July 12, 2023. Compl. ¶¶ 5–6. Because it is unclear what bases of discrimination Plaintiff raised in his "original complaint" for which no FAD issued, the court cannot say whether any of his Title VII claims were filed too late. Defendant concedes as much. Def.'s Reply at 4 ("Plaintiff's confusing pleadings, however, make it unclear at best which of his claims he maintains were exhausted by Defendant's alleged failure to provide a final agency decision."). Because Defendant bears the burden of proving an untimely filing, the court cannot grant dismissal on that ground at this stage.

*Counts I–VI – Title VII – Failure to State a Claim*. In the alternative, Defendant moves to dismiss all of Plaintiff's Title VII claims for failure to state a claim. Plaintiff has brought disparate treatment and hostile work environment claims on the basis of his race, color, sex, and religion.

4

Compl. at 17–23, 25–26.  He also makes similar claims based on retaliation for protected activity. *Id.* at 23–25.

The court finds all of Plaintiff's Title VII disparate treatment claims except one are plausible.  Plaintiff's allegations concerning his poor treatment by supervisors, including multiple reversed performance evaluations, his removal seemingly without cause from his position, and restrictions on coming and going from the workplace, along with his allegations about comparators who received more favorable treatment are sufficient, at this stage, to state disparate treatment claims under Title VII based on his race, color, and sex.  The court, however, finds otherwise as to religion, because Plaintiff has not identified his own religion or those of his comparators.  *See* Compl. ¶¶ 82–89.  Also, notably, Plaintiff's EEO complaint does not assert discrimination based on religion.  Def.'s Reply, Ex. B.  Therefore, the court dismisses Count IV in its entirety.

The court also holds that Plaintiff has made out a claim of retaliation.  The temporal proximity between Plaintiff's various forms of protected EEO activity and adverse actions are, at this stage, sufficient to state a retaliation claim. S*ee* Pl.'s Reply at 29–30 (summarizing allegations); *see also Pueschel v. Chao*, 955 F.3d 163, 167 (D.C. Cir. 2020) (citing cases for proposition that "very close" temporal proximity suffices to establish a plausible inference of retaliation); *Harris v. D.C. Water and Sewer Auth.*, 791 F.3d 65, 69 (D.C. Cir. 2015) (finding that temporal proximity and disputed rationale for job termination were "certainly enough to survive a motion to dismiss").

The court, however, dismisses Plaintiff's hostile work environment claims to the extent they are included in Counts I through VI.  He has failed to allege, on any protected grounds, "'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.'"  *Baloch v.*

*Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

*Count VIII – Violation of 5 C.F.R. § 6.5.*  Finally, Defendant moves to dismiss Count VIII because Plaintiff lacks a private right of action to assert a violation of 5 C.F.R. § 6.5, which prohibits assigning a person serving an excepted appointment to a position in the competitive service without prior approval of the Office of Personnel Management.  Def.'s Mem. at 28–29.  Plaintiff appears to concede as much, as he nowhere identifies a private of right of action, except under Title VII, that can sustain a claimed violation of § 6.5.  Pl.'s Opp'n at 41–43.  Thus, the court dismisses this claim.

*Conclusion.*  In summary, the court dismisses in their entirety (1) Count IV (Title IV – Religion); (2) Count VII (Breach of Contract); (3) Count XII (Violation of § 6.5); and (4) Count X (WPA), and dismisses Counts I through VI insofar as they include hostile work environment claims.  All remaining causes of action are plausibly alleged and may proceed to discovery.

Dated:  March 31, 2025

Amit P. Mehta
United States District Judge